IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Case No. 3:13-CR-386-B |
| v. | § | |
| | § | **ECF** |
| ANASTASIO N. LAOUTARIS | § | |

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The government submits the attached Proposed Jury Instructions.  All instructions are drawn from the 2012 Fifth Circuit Pattern Jury Instructions, unless otherwise noted, and modified, where indicated.

Dated: February 23, 2015

Respectfully submitted,

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

*/s/  Paul Yanowitch*
PAUL YANOWITCH
Assistant United States Attorney
Illinois Bar No. 6188269
1100 Commerce Street; Third Floor
Dallas, Texas 75242
Telephone:  214.659.8618
Facsimile:   214.659.8805
paul.yanowitch@usdoj.gov

*/s/ J.  Nicholas Bunch*
J.  NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No.  24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2015, I electronically filed the foregoing

Government's Proposed Jury Instructions with the Clerk of Court for the United States

District Court for the Northern District of Texas using the electronic filing system of the

Court.  The electronic case filing system will send a notice of filing to all the attorneys of

record who have consented to such service.


*/s/ Paul Yanowitch*
_____
PAUL YANOWITCH
Assistant United States Attorney

## 1.01
## Preliminary Instruction

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is

received for a limited purpose only, you must follow that instruction.

3.    Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty.  The superseding indictment brought by the government against the defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

Second: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence,

or to testify.  Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third: the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case.  Please do not talk with them about any subject at all.  You may be unaware of the identity of everyone connected with the case.  Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.  It is best that you remain in the jury room during breaks in the trial and do not linger in the hall.  In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.  Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  Otherwise, without realizing it, you may start forming opinions before the trial is over.  It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

Let me add that during the course of the trial, you will receive all the evidence you properly may consider to decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.  Do not seek or receive any outside information on your own which you think might be helpful.  Do not engage in

any outside reading about this case or the law involved.  Do not attempt to visit any

places mentioned in the case, whether in person or via maps or online resources such as

Google Earth.  You must not read about it in any publications or watch or listen to

television or radio reports of what is happening here.  Do not use the Internet or any

other form of electronic communication to obtain or provide information to another,

whether on a phone, computer, or other device.  This includes, but is not limited to, the

use of websites and search engines, such as Google or Yahoo, or other online resource or

publication for the use of sending or receiving information on the case.  Do not attempt

to learn about the parties, the witnesses, the lawyers, or the judge.  Do not send or

receive emails or text messages relating to the case or your involvement.  Do not read or

post information on Facebook, or any other blog or social networking site, such as

Twitter or MySpace.  The reason for these rules, as I am certain you will understand, is

that your decision in this case must be made solely on the evidence presented at the trial.

**[Insert Instruction No. 1.02, Note-Taking By Jurors, here, if applicable.]**

The trial will now begin.  First, the government will make an opening statement,

which is simply an outline to help you understand the evidence as it is admitted.  Next,

the defendant's attorney may, but does not have to, make an opening statement.

Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant

may cross-examine them.  Following the government's case, the defendant may, if he

wishes, present witnesses whom the government may cross-examine.  If the defendant

decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

**1.03**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**1.04**
**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**1.05**
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The superseding indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.   The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all **[and no inference whatever may be drawn from the election of a defendant not to testify]**.[1]

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[1] Delete bracketed material if the defendant testifies.

**Government's Proposed Jury Instructions (Laoutaris) – Page 10 of 30**

**1.06**
**EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE**

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.


**[NOTHING FURTHER THIS PAGE]**

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**1.07**
**EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL**

**ALTERNATIVE B**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**1.08**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses **[including the defendant]** who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

**[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**1.17**
**EXPERT OPINION TESTIMONY**

During the trial you heard the testimony of Christopher E. Pogue, who expressed opinions concerning computer networks and the interpretation and forensic analysis of logs and other electronic files and data created, recorded, and retained by computers and other hardware and software comprising or connected to a computer network. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**1.18**
**ON OR ABOUT**

You will note that the superseding indictment charges that the offenses were committed on or about specified dates.  The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on a date reasonably near the dates stated in the superseding indictment for each count.[2]

---

[2] Modified from Fifth Cir. Pattern Instruction 1.18 to account for multiple charges in the superseding indictment.

**1.19**
## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the superseding indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**1.20**
**CAUTION—PUNISHMENT**

If a defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not enter

your consideration or discussion.

**1.21**
**SINGLE DEFENDANT—MULTIPLE COUNTS**

A separate crime is charged in each count of the superseding indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

**1.30**
**SIMILAR ACTS**

You have heard evidence of acts of the defendant which may be similar to those charged in the superseding indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the superseding indictment.  However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt  from other evidence in this case that the defendant did commit the acts charged in the superseding indictment, then you may consider evidence  of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the superseding indictment; or

Whether the defendant had a motive or the opportunity to commit the acts charged in the superseding indictment; or

Whether the defendant acted according to a plan or in preparation for commission of a crime; or

Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

**1.37**
**"KNOWINGLY"—TO ACT**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**1.43**
## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case.  These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

## 1.44
## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think they deserve.

## COUNTS ONE AND TWO
## COMPUTER INTRUSION CAUSING DAMAGE
## (VIOLATION OF 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i))

Counts One and Two of the Superseding Indictment charge the defendant with violations of Title 18, United States Code, Section 1030(a)(5)(A), which makes it a federal crime for anyone to transmit a computer program, code, or command without authorization to a protected computer that causes harm.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First.*   That the defendant knowingly caused the transmission of a program, information, code, or command; and

*Second.*   That by doing so, the defendant intentionally caused damage to a protected computer without authorization.

If you find that the government has proved both of the above-elements beyond a reasonable doubt, then you must also determine if the government has proved <u>either</u> of the following:

- That the defendant caused damage affecting ten or more protected computers during any one-year period; or

- That the defendant caused loss resulting from a course of conduct affecting protected computers aggregating at least $5,000 in value.

## UNANIMITY OF THEORY INSTRUCTION[3]

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Counts One and Two.

Counts One and Two of the Superseding Indictment accuses the defendant of committing the crime of in two different ways. The first is that the defendant caused damage affecting ten or more protected computers during any one-year period.  The second is that the defendant caused loss resulting from a course of conduct affecting protected computers aggregating at least $5,000 in value.

The government does not have to prove all of these for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt on one is enough.  But in order to return a guilty verdict, all of you must agree that the same one has been proved.  All of you must agree that the government proved beyond a reasonable doubt that the defendant caused damage affecting ten or more protected computers during any one-year period; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant caused loss resulting from a course of conduct affecting protected computers aggregating at least $5,000 in value.

AS used in these instructions, the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term

---

[3]   *See* Fifth Circuit Pattern Jury Instruction 1.25 (2012).

does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.[4]

The term "protected computer" means a computer which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communications or the United States.[5]

The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information.[6]

The term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.[7]

---

[4]   18 U.S.C. § 1030(e)(1).

[5]   18 U.S.C. § 1030(e)(2)(B).

[6]   18 U.S.C. § 1030(e)(8)

[7]   18 U.S.C. § 1030(e)(11).

## 1.24
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the superseding indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

**[Explain verdict form.]**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty.  At the

conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the superseding indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No.  3:13-CR-386-B |
| | § | |
| ANASTASIO N. LAOUTARIS | § | |

<u>VERDICT</u>

We, the jury in the above-entitled case, find as follows (answer "Guilty" or "Not

Guilty" in the spaces provided):

| Count | "Guilty" or "Not Guilty" |
|---|---|
| 1 | |
| 2 | |